UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN RILEY,

                Plaintiff,

v.                                           Case No. 20-cv-1252-pp

JOLINDA WATERMAN
and SANDRA MCARDLE,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 67)**

On August 16, 2022, the court denied plaintiff Shawn Riley's motions to recruit counsel and to amend his brief, granted the defendants' motions for summary judgment and dismissed the case. Dkt. No. 64. In that fifty-four-page order, the court explained that "[t]he undisputed evidence shows that the defendants made concerted efforts to address the plaintiff's medical issues with different types of treatments and with multiple offsite consultations." Id. at 41. The court concluded that the "plaintiff's dissatisfaction with the treatment [defendants] McArdle and Waterman provided does not amount to deliberate indifference under the Eighth Amendment." Id. at 42. The court also explained that it was unnecessary to recruit counsel for the plaintiff because his materials showed he was "able to litigate this case adequately on his own." Id. at 46–47. The court noted the plaintiff's clear communications with the court, his writing ability and his voluminous filings in opposing the defendants' motions for summary judgment. Id. at 47. The court explained that "[w]hether

a lawyer had presented the evidence or the plaintiff presented it himself, the evidence does not support the plaintiff's claims." Id. at 48.

On September 13, 2022, the court received from the plaintiff a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 67. The plaintiff asserts that the court improperly denied his motion to appoint counsel, misapplied and/or incorrectly interpreted the facts and wrongly granted the defendants' motions for summary judgment. Id.

**I.  Standard of Review**

A party may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) within 28 days of the entry of judgment. The court may grant a motion under Rule 59(e) only if the moving party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). The plaintiff's motion does not identify any newly discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law.

A "manifest error of law" "is not demonstrated by the disappointment of the losing party; it is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Rule 59(e) "does not allow a party to . . . advance arguments that could

and should have been presented to the district court prior to the judgment." Bordelon, 233 F.3d at 529 (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)). "Relief under Rule 59(e) is an 'extraordinary remed[y] reserved for the exceptional case.'" Vesey v. Envoy Air, Inc., 999 F.3d 456, 463 (7th Cir. 2021) (quoting Gonzalez-Koeneke v. West, 791 F.3d 801, 807 (7th Cir. 2015)).

**II. Discussion**

　　A.　Recruitment of Counsel

The plaintiff first disagrees with the court's conclusion that having a lawyer would not have saved the plaintiff's claims from dismissal. Dkt. No. 67 at 4. He asserts that "Pruitt nowhere suggests that a district court should consider whether recruiting counsel would affect the outcome of a case, instead that inquiry is reserved for the appellate court's review." Id.

Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007) does not include the plaintiff's chances of success as a factor a court should consider when deciding a motion for recruitment of counsel. But cases decided since Pruitt have expressly instructed that district courts must consider "the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." Watts v. Kidman, 42 F.4th 755, 764 (7th Cir. 2022). The Seventh Circuit explained that "even where a litigant's claim is nonfrivolous and factually and legally plausible such that it survives § 1915(e)(2) screening, the recruitment of counsel is unwarranted if the plaintiff's 'chances of success are extremely slim.'" Id. at 766 (citing Cole v. Janssen Pharms., Inc., 265 F. Supp. 3d 892, 898 (E.D. Wis.

3

2017)). In this case, the court found that the plaintiff's Eighth Amendment claims failed on their merits because, at most, the undisputed facts showed that the plaintiff disagreed with the course of his treatment, not that the defendants were deliberately indifferent to his medical conditions. Because the plaintiff had no likelihood of success on the merits of his claims, it would have been inappropriate to recruit a lawyer to further litigate his claims. The plaintiff has not demonstrated that the court's decision not to appoint counsel was a "manifest error of law," or that his is an "exceptional case."

The plaintiff next asserts that the court improperly suggested he should not have filed his complaint in 2020 during the COVID-19 pandemic, which he says "attacks [his] constitutional right to have meaningful access to the courts." Dkt. No. 67 at 5–6. The plaintiff misconstrues the court's order. First, this was an argument the plaintiff proffered as reason to grant his request to amend his brief, not as a reason to grant his request for recruitment of counsel. Dkt. No. 64 at 51 (discussed in "IV. Motion to Amend Brief (Dkt. No. 58)"). Second, the court noted that when the plaintiff filed his complaint in August 2020, the pandemic "had forced the closure of businesses and resulted in severe restrictions in prisons and many public institutions, including the court," and disrupted public "access to open spaces (like the law library)." Id. The plaintiff asserted that he could not have foreseen those closures and that the court should have granted him additional leniency to help him overcome those additional obstacles. Id.

The court did not suggest the plaintiff should have waited to file his complaint or should not have filed it at all; the court instead noted that when the plaintiff filed his complaint in August 2020, the pandemic-related closures were not *new*. Public businesses had been closed and public gatherings had been disrupted for approximately five months by then, so it was unreasonable for the plaintiff to assert he was unaware that his litigation might be slowed by those disruptions. More to the point, his concern about those closures was moot because early in this litigation, the court told the plaintiff he could request additional time to litigate his lawsuit as needed. Dkt. No. 10 at 11 ("Many prisoners do have limited law library access during this time. That is not a reason to recruit counsel, though it may provide good cause for allowing the plaintiff additional time to comply with the court's filing deadlines."). As the court observed, the plaintiff did not request additional time to complete discovery or respond to the defendants' motions, nor did he ask the court to reopen discovery so that he could gather information he believed he needed to respond to the defendants' motions. Dkt. No. 64 at 47–48. It was his responsibility to litigate his case, which included requesting more time when needed. Id. at 48. Instead of doing that, the plaintiff continued with the litigation, then complained after the fact that the court unfairly reviewed his filings. The plaintiff's litigation decisions are not a reason for the court to alter or amend its judgment. See Harrington, 433 F.3d at 546 (7th Cir. 2006) (quoting Bordelon, 233 F.3d at 529) ("Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures[.]'").

As the court explained to the plaintiff, there are not enough attorneys "willing and able to volunteer for" cases brought by incarcerated persons proceeding on their own. Dkt. No. 10 at 8–9 (quoting Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014)) (internal quotation marks omitted). The court twice listed the factors that weighed against recruiting an attorney for the plaintiff. Id. at 10–12; Dkt. No. 64 at 46–48. Although an attorney may have helped the plaintiff better present his opposition to summary judgment, that is true of almost all *pro se* litigants and is not reason to recruit counsel. Dkt. No. 10 at 8 (citing Henderson, 755 F.3d at 564). The plaintiff repeatedly showed he could litigate his case adequately on his own, so the court determined it was unnecessary to recruit him an attorney. The plaintiff's continued disagreement with the court's decision to deny his request for recruitment of counsel is not a basis to alter or amend the judgment.

B.   Summary Judgment

The plaintiff asserts that the court should not have granted the defendants' motions for summary judgment. Dkt. No. 67 at 11. He first contends that the record shows the defendants refused "to follow their own medical consultant's recommendation as to providing a specific type of footwear to accommodate the medical orthotics." Id. at 10–11. But the court previously explained that "no podiatrist prescribed a specific shoe or type of shoe, [so] whether the defendants followed the specialists' recommendations is irrelevant to determining whether they were deliberately indifferent to the plaintiff's medical condition." Dkt. No. 64 at 34.

6

The plaintiff next identifies the "footwear policy" to which he says the defendants refer "as the only reason for NOT following the recommendations of the multiple medical consultants." Dkt. No. 67 at 13. He cites Turner v. Safley, 482 U.S. 78 (1987), which he says stands for the proposition that "there must be a penological interest in the implementation of a policy, and there cannot be a least restrictive alternative available." Id. at 13–14. The plaintiff says the defendants improperly relied on this "blanket policy, which offers no exceptions to an individual personal medical needs." Id. at 11. The plaintiff insists the defendants should have attempted "to seek an exception to this policy [or] seek review of the policy in this specific sitatuion [*sic*]." Id. at 12. He asserts that legal precedent does not support "this Court's acceptance of an agency policy which prevents a defendant from providing proper medical care." Id. He accuses the court of "fail[ing] to recognize the contradiction of the existence of footwear from outside vendor for medical reasons within the institution" and that he "was provided footwear from an outside vendor during incarceration at another Wisconsin prison." Id. at 12–13.

The plaintiff's challenge to the footwear policy under Turner is a new argument that he did not previously present. In its order screening the plaintiff's amended complaint, the court described the plaintiff's claim as one "regarding the denial of proper medical care under the Eighth Amendment." Dkt. No. 13 at 5. The court did not screen a claim challenging the prison's footwear policy because the plaintiff's complaints made no reference to the

policy and did not seek to challenge it. The court also declined to address this (then-implied) argument in its August 16, 2022 order dismissing this case:

> One can infer that the plaintiff disagrees with the prison's policy regarding medical shoes for inmates. But the plaintiff has not challenged that policy. If he had, neither Waterman nor McArdle would be proper defendants for that claim; there is no evidence that they created or implemented policies in the prison. They were part of the medical staff and may be held responsible only for their decisions related to medical treatment.

Dkt. No. 64 at 41. The plaintiff cannot raise this new challenge to the footwear policy for the first time in his motion to alter or amend the judgment on his Eighth Amendment claims. See Bordelon, 233 F.3d at 529.

The plaintiff takes issue with the court's other legal findings and the defendants' legal arguments. As noted above, his disagreement with the court's legal rulings is not a basis to alter or amend the judgment. See Oto, 244 F.3d at 606 (holding that district court properly rejected Rule 59 motion that "merely took umbrage with the court's ruling and rehashed old arguments"). Nor may the plaintiff use this motion as a second opportunity to respond to the defendants' arguments in support of their motion for summary judgment.

### III. Conclusion

The plaintiff has not demonstrated that the court made a manifest error of law or fact in its order denying his request for recruitment of counsel and granting the defendants' motions for summary judgment. He has not given the court any appropriate basis to reconsider its previous order and alter or amend the judgment.

The court **DENIES** the plaintiff's motion to alter or amend the judgment. Dkt. No. 67.

Dated in Milwaukee, Wisconsin this 9th day of January, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**