UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN RILEY,

                            Plaintiff,

   v.                                            Case No. 20-cv-1252-pp

JOLINDA WATERMAN
and SANDRA MCARDLE,

                            Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 74), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL ON APPEAL (DKT. NO. 75) AND DENYING AS MOOT PLAINTIFF'S MOTION TO WAIVE REQUIRED NUMBER OF COPIES (DKT. NO. 76) AND PLAINTIFF'S SECOND MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 81)**

On August 16, 2022, the court granted the defendants' motion for summary judgment, dismissed the case and entered judgment. Dkt. Nos. 64, 65. On January 9, 2023, the court denied the plaintiff's motion to alter or amend the judgment. Dkt. No. 71. A month later, the plaintiff filed a notice of appeal seeking to appeal both the judgment and the court's decision denying his motion to alter or amend the judgment. Dkt. No. 72. That appeal is proceeding in the U.S. Court of Appeals for the Seventh Circuit. Appeal No. 23-1253.

The plaintiff now moves for leave to proceed with his appeal without prepaying the appellate filing fee. Dkt. No. 74. He also asks—for the third time—that the court appoint counsel to represent him, dkt. no. 75, and he

asks the court to waive the required number of copies of legal documents he must file in his appeal, dkt. no. 76. A month after he asked this court to allow him to appeal without prepaying the filing fee, he made the same request of the Seventh Circuit, dkt. no. 81, and that court referred the motion to this court for a ruling "in the first instance," dkt. no. 80. This order addresses each of the plaintiff's motions.

I. **Motion for Leave to Proceed on Appeal Without Prepaying the Appellate Filing Fee (Dkt. No. 74)**

Under the Prison Litigation Reform Act, an incarcerated person must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If an incarcerated person does not have the money to pay the $505 filing fee in advance for an appeal, he can ask the court for permission to proceed without prepayment. For the court to consider such a request, the incarcerated person must complete a petition and affidavit and return it to the court, along with a certified copy of the person's trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the person's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the incarcerated person pays the initial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the person will collect the money and send payments to the court.

There are three grounds for denying an incarcerated appellant's request to proceed without prepaying the filing fee: the incarcerated person has not shown that he is indigent, the incarcerated person filed the appeal in bad faith or the incarcerated person has accrued three strikes. See 28 U.S.C. §§1915(a)(2)–(3), (g). The court finds that the plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

If a court allowed a party to proceed without prepaying the filing fee in the district court, that party may proceed without prepaying the filing fee on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed without prepaying the fee. Federal Rule of Appellate Procedure 24(a); see also Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) ("[A] plaintiff who . . . was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219–20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one

that is based on a frivolous claim, which means it is based on a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). The court has no indication that the plaintiff did not take this appeal in good faith. The court will grant his first motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 74.

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff must pay an initial partial filing fee of **$116.61**, as well as the additional payments required under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000), and Lee, 209 F.3d 1025.

## II. Motion for Appointment of Counsel (Dkt. No. 75)

When he filed his notice of appeal on February 9, 2023, the plaintiff filed in this court a motion asking the court to appoint counsel to represent him "for the purposes of litigating the captioned matter in appellate proceedings." Dkt. No. 75. The caption of the motion lists the court as "United States 7th Circuit Court of Appeals." Id. at 1. The motion was docketed by the Clerk of the Seventh Circuit Court of Appeals the same day. Appeal No. 23-1253, Dkt. No. 2. Four days later, the Seventh Circuit issued an order noting that the plaintiff had filed a motion to appoint counsel and a motion to waive the required number of copies. Id., Dkt. No. 4. The court explained that because the appeal was subject to the Prison Litigation Reform Act, all the appellate proceedings

were "suspended pending the assessment and payment of any necessary fees." Id. The Seventh Circuit stated that it had reviewed this court's docket and determined that the plaintiff's "fee status ha[d] not yet been determined," so it denied the plaintiff's motion to appoint counsel without prejudice pending this court's ruling on the motion to proceed without prepaying the appellate filing fee. Id.

The court now has ruled on the plaintiff's motion to proceed without prepaying the filing fee. On appeal, the Seventh Circuit decides whether to appoint counsel (as the plaintiff seems to have expected when he captioned his motion as one directed to the Seventh Circuit), and when it does so, it appoints "members of [its] own bar whose interests and skills run to appellate work." DiAngelo v. Illinois Dept. of Public Aid, 891 F.2d 1260, 1263 (7th Cir. 1989) (citing United States v. Fountain, 840 F.2d 509, 513 (1988)). The court will deny the plaintiff's motion without ruling on the merits—without prejudice—and the plaintiff now may refile his motion in the Seventh Circuit.

### III. Motions to Waive the Required Number of Copies (Dkt. No. 76) and for Leave to Proceed on Appeal Without Prepaying the Appellate Filing Fee (Dkt. No. 81)

Also on the day he filed his notice of appeal, the plaintiff filed with this court a motion to waive the required number of copies of legal documents he must file in his appeal under Seventh Circuit Rule 31(b). Dkt. No. 76. Again, however, the caption of the motion says "United States Seventh Circuit Court of Appeals." Id. at 1. The motion was docketed by the Clerk of Court for the Seventh Circuit on the same day—February 9, 2023. Appeal No. 23-1253, Dkt.

5

Case 2:20-cv-01252-PP   Filed 04/26/23   Page 5 of 8   Document 83

No. 3. The Seventh Circuit granted the motion "to the extent that the appellant may submit one copy of papers filed with the court." Id., Dkt. No. 4. The Seventh Circuit reminded the plaintiff "that he is still obligated to serve opposing counsel with a copy of all court filings." Id. Because the Seventh Circuit has ruled on and granted the plaintiff's motion, the court will deny as moot the motion still pending in this court.

This court did not act right away on the plaintiff's motion to proceed without prepaying the filing fee. On March 9, 2023—a month after the plaintiff filed the motion—the Seventh Circuit ordered the motion referred to this court for ruling in the first instance. Dkt. No. 80. It appears that the same day, the plaintiff filed with the *Seventh Circuit* his affidavit of indigence. Dkt. No. 81. Because the Seventh Circuit had referred the original motion to proceed without prepaying the appellate filing fee back to this court, it also provided this court with a copy of the affidavit. Id. This court's clerk's office docketed the affidavit as a *second* motion for leave to proceed without prepaying the filing fee, when actually it was the affidavit that the petitioner should have filed with his first motion. Although it isn't really a second motion to appeal without prepaying the filing fee, the court will deny as moot the document that is pending on this court's docket (because it already has granted the plaintiff's motion to appeal without prepaying the filing fee).

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 74.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel on appeal. Dkt. No. 75.

The court **DENIES AS MOOT** the plaintiff's motion to waive the required number of copies. Dkt. No. 76.

The court **DENIES AS MOOT** the pending motion at this court's Dkt. No. 81, docketed as a second motion for leave to appeal without prepaying the filing fee. Dkt. No. 81.

The court **ORDERS** that by the end of the day on **May 26, 2023**, the plaintiff must forward to the Clerk of Court the sum of **$116.61** as the initial partial filing fee for this appeal. If the clerk does not receive that amount by the end of the day on May 26, 2023, the Seventh Circuit may dismiss the appeal. The plaintiff must identify the payment by the case name and by both the district court case number (Case No. 20-cv-1252) and the Seventh Circuit case number (Appeal No. 23-1253).

The court **ORDERS** that after the clerk's office has received the initial partial filing fee, the agency having custody of the plaintiff must collect from his institution trust account the **$388.39** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another institution—county, state or federal—the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will electronically provide a copy of this order to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 26th day of April, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**